Laura Sasaki, Esq. (SBN 187788)
Hamilton Arendsen (SBN: 212844)
**Arendsen Braddock LLP**
535 North Highway 101, Suite A
Solana Beach, CA 92075
Phone:      619.501-3619 | Fax: 619.923-3727
Email: laura@abinjury.com; hamilton@abinjury.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL RAMIREZ, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> FAMILY HEALTH CENTERS OF SAN DIEGO, a Federally Qualified Health Center, MICHAEL HEINITZ, an Individual, and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO.: '26 CV 2124 RBM BJW <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES FOR NEGLIGENCE** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff JUAN MANUEL RAMIREZ alleges as follows:

### THE PARTIES

1.    Plaintiff JUAN MANUEL RAMIREZ is an individual who, at all relevant times alleged herein, was a resident of the County of San Diego, State of California.

2.    Defendant FAMILY HEALTH CENTERS OF SAN DIEGO ("FHCSD") is and was, at all relevant times alleged herein, a Federally Qualified

Health Center organized and existing in the State of California, with a principal place of business located in the City of San Diego, State of California.

3.    Plaintiff is informed and believes that Defendant MICHAEL HEINITZ ("HEINITZ") was, at all relevant times alleged herein, an individual residing in the City of San Diego, State of California.

4.    Plaintiff is informed and believes that at all relevant times alleged herein, Defendants Does 1 through 50 were responsible, in some manner, for the acts, omissions, events, and occurrences alleged herein.

5.    Plaintiff is informed and believes that at all relevant times alleged herein, Defendants Does 1 through 50 were officers, directors, members, partners, employees, contractors, agents, representatives, subsidiaries, or other affiliated individuals or entities of Defendants FHCSD, HEINITZ, and/or Does 1 through 50, acting within the course, scope, and purpose of their employment or agency, and with the power and authority vested in them, or ratification, endorsement, or approval of the conduct with respect to the events and happenings alleged herein by Defendants FHCSD, HEINITZ, and/or Does 1 through 50.

6.    Plaintiff is informed and believes that Defendants Does 1 through 50 are legally responsible for the events and happenings alleged herein, and legally and proximately caused or contributed to the injuries and damages that he suffered from the alleged events and happenings. Plaintiff does not know the true names and capacities of Defendants sued as Defendants Does 1 through 50, and therefore sues them by such fictitious names. Plaintiff will amend his complaint to insert their true names and capacities when ascertained.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to the Federal Tort Claims Act (28 U.S.C. § 1346(b) and § 2671-2680), on the basis Federally Qualified Health Centers are deemed as federal employees with the exclusive remedy for negligence claims through the Federal Tort

Claims Act.

8.    This Court has personal jurisdiction over Defendants and this is the proper venue for the claims against Defendants on the basis that Defendants are doing business in and/or are residents of the County of San Diego, State of California.

9.    On August 28, 2025, Defendants were served with Plaintiff's Claim for Damage, Injury, or Death. On December 4, 2025, the United States Department of Health & Human Services acknowledged receipt of Plaintiff's Federal Tort Claim.

### GENERAL ALLEGATIONS

10.    On October 8, 2024, Plaintiff was working with a crew that was weeding the sloped landscaping along the east shoulder of College Avenue just north of University Avenue in the City of San Diego, State of California. The crew had placed orange cones along the roadway to alert motorists of the work ahead by the crew. There also were work trucks parked along the east shoulder of the road before and in the location of the work by the crew. The crew were wearing bright orange shirts so they would be visible to motorists that were traveling north on College Avenue.

11.    At the same time and place, Defendant HEINITZ, while driving a passenger transport van with passengers, was traveling north on College Avenue, when he suddenly struck Plaintiff with the passenger side of the passenger transport van, which caused serious and debilitating injuries to Plaintiff.

### FIRST CAUSE OF ACTION

**Negligence against Defendants FHCSD, HEINTZ, and Does 1 through 50**

12.    Plaintiff incorporates by reference the allegations in this complaint as though fully and completely set forth in this cause of action.

13.    Plaintiff is informed and believes that Defendant FHCSD is and was, at all relevant times alleged herein, the registered owner of the passenger transport van driven by Defendant HEINTZ at the time of the incident alleged herein on October 8, 2024.

14.    Plaintiff is informed and believes that Defendant HEINITZ was, at all relevant times alleged herein, which includes the time of the incident, an employee or agent of Defendants FHCSD and/or Does 1 through 50, who was acting within the course and scope of his employment or agency with Defendants FHCSD and/or Does 1 through 50.

15.    Defendant HEINITZ owed a duty of care to the public, which included Plaintiff, to drive the passenger transport van that he was driving at the time of the incident in a reasonable and safe manner.

16.    On October 8, 2024, Defendant HEINITZ, while driving the passenger transport van owned by Defendant FHCSD in the course and scope of his employment or agency with Defendants FHCSD and/or Does 1 through 50, breached his duty of care to drive in a reasonable and safe manner when he negligently struck Plaintiff while he was on the east shoulder of College Avenue.

17.    Defendants' conduct was a substantial factor in causing harm and injuries to Plaintiff.

18.    As a proximate result of Defendants' conduct against Plaintiff, Plaintiff has employed and continues to employ physicians, and other health care providers to examine, treat, and care for him, and has incurred and continues to incur medical and incidental expenses.

19.    As a proximate result of Defendants' conduct against Plaintiff, Plaintiff has suffered and continues to suffer financial damage and hardship, past and future lost earnings, employment benefits, and other special and compensatory damages.

20.    As a further proximate result of Defendants' conduct against Plaintiff, Plaintiff has suffered and continues to suffer physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, other non-economic losses.

21.    As a further proximate result of Defendants' conduct against Plaintiff, Plaintiff is entitled to statutory remedies, including but not limited to prejudgment

interest.

## SECOND CAUSE OF ACTION

### (Negligence against Defendants Does 16 through 50)

22.    Plaintiff incorporates by reference the allegations in this complaint as though fully and completely set forth in this cause of action.

23.    Defendants Does 16 through 50 owed a duty of care to the public, which included Plaintiff, to take reasonable steps to ensure that the drivers of their vehicles, including Defendant HEINITZ, drove in a reasonable and safe manner.

24.    At all relevant times herein alleged, Defendants Does 16 through 50 were under a duty to hire, train, supervise, and discipline employees, contractors, and agents in their work as drivers of their vehicles, and to take reasonable steps to ensure they were fit and competent to drive in a reasonable and safe manner.

25.    On October 8, 2024, Defendant HEINITZ, while driving a passenger transport van in the course and scope of his employment or agency with Defendants Does 15 through 50, breached his duty of care to drive in a reasonable and safe manner when he negligently struck Plaintiff while he was on the east shoulder of College Avenue.

26.    At all relevant times alleged herein, Defendants knew or should have known through the exercise of reasonable care that Defendant HEINITZ was unfit or incompetent to perform his work as a driver of passenger transport vans which included, but was not limited to, his unfitness and incompetence in driving at a reasonable and safe speed, and lack of attention and safety while driving especially around road workers.

27.    Defendants breached their duty of care by hiring and/or retaining Defendant HEINITZ and/or the employees, contractors, and/or agents that were responsible for hiring, training, supervising, disciplining, and retaining Defendant HEINTZ.

28.    Defendants' conduct was a substantial factor in causing harm and

injuries to Plaintiff.

29.    As a proximate result of Defendants' conduct against Plaintiff, Plaintiff has employed and continues to employ physicians, and other health care providers to examine, treat, and care for him, and has incurred and continues to incur medical and incidental expenses.

30.    As a proximate result of Defendants' conduct against Plaintiff, Plaintiff has suffered and continues to suffer financial damage and hardship, past and future lost earnings, employment benefits, and other special and compensatory damages.

31.    As a further proximate result of Defendants' conduct against Plaintiff, Plaintiff has suffered and continues to suffer physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, emotional distress, other non-economic losses.

32.    As a further proximate result of Defendants' conduct against Plaintiff, Plaintiff is entitled to statutory remedies, including but not limited to prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each of the Defendants as follows:

1.    For special, general, and compensatory damages in amounts to be proven at the time of trial;

2.    For pre-judgment interest at the prevailing statutory rates;

3.    For costs of suit; and

4.    For such other relief as the Court may deem proper.

/ / /

/ / /

/ / /

/ / /

/ / /

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for the causes of action set forth above.

Dated:  April 3, 2026

**ARENDSEN BRADDOCK LLP**

By: _____
LAURA SASAKI, ESQ.
Attorneys for Plaintiff